IN THE INTEREST OF "N K." CHILDREN
Nos. 28723, 28724
Intermediate Court of Appeals of Hawaii.
September 29, 2008.
On the briefs: Randal I. Shintani for Mother-Appellant.
Eric J. Alabanza Mary Anne Magnier Deputy Attorneys General As for Petitioner-Appellee. Department of Human Services

SUMMARY DISPOSITION ORDER
(By: Nakamura, Presiding Judge, Fujise, and Leonard, J
Mother-Appellant (Mother) appeals from the "Amended Order Granting Petition for Foster Custody, Adopting the November 17, 2006 Family Service Plan and Setting Review Hearing" (Foster Custody Order), entered on August 31, 2007, by the Family Court of the First Circuit (family court)[1] Pursuant to the Foster Custody Order, the family court awarded foster custody of Mother's eight children (collectively, "the Children") to the Department of Human Services (DHS). DHS had filed separate petitions for foster custody with respect to Mother's four oldest children in FC-S No. 06-11149 and Mother's four youngest children in FC-S No. 06-11150. The petitions alleged that the Children were harmed or subject to threatened harm by 1) being exposed to numerous incidents of domestic violence by Mother's husband (Stepfather) against Mother and 2) acts of violence by Stepfather against certain of the Children. The two petitions were consolidated for trial and decided by the Foster Custody Order.[2]
The Foster Custody Order cited Mother's reluctance to separate from Stepfather as evidence that "she is not prepared, at this time, to provide a safe family home" for the Children. On October 26, 2007, the family court entered Findings of Fact and Conclusions of Law in support of its Foster Custody Order.
On appeal, Mother contends that the family court erred in finding the Mother was not presently willing and able to provide a safe family home for the children, even with the assistance of a service plan. For the reasons set forth below, we affirm the Foster Custody Order.

I.
Mother married Stepfather in 2004 after the Children's biological father died. Stepfather had a history of substance abuse. The Children witnessed numerous incidents of domestic abuse committed by Stepfather against Mother. These included incidents in which Stepfather held a gun to Mother's head; held a knife to Mother's throat, cutting her; slapped Mother's mouth, making it bleed; hit Mother with a closed fist; tackled Mother to the ground; threw a picture at Mother leaving a gash on her head; choked Mother around the neck; and pulled Mother's hair and spit on her. In addition, Stepfather cut the phone lines when the Children attempted to call for help, threatened to kill Mother and the Children, and hit three of the Children. When Stepfather was arrested after punching one of the Children, Stepfather attacked the responding police officers with a knife.
After a brief stay in a domestic violence shelter, Mother returned to the family home with Stepfather and denied any concerns for her personal safety. Mother declined to obtain a restraining order against Father. Many of the Children have been diagnosed as suffering from post-traumatic stress disorder.

II.
The family court cited Mother's reluctance to separate from Stepfather as the primary basis for its determination that she could not presently provide a safe family home for the Children. The family court reasoned that Mother's intent to include Stepfather in the family demonstrated that she had not gained adequate awareness of the harm Stepfather was causing the Children or her obligation to be a protective parent.
Mother does not contest the family court's findings regarding the acts of domestic violence committed by Stepfather. Nor does she dispute that the Children have been harmed by their exposure to Stepfather's domestic violence. However, Mother challenges the family court's central finding that she was reluctant to separate from Stepfather. She also challenges other subsidiary findings underlying the family court's determination that she was not presently able to provide a safe family home for the Children.[3]
The family court's findings of fact are reviewed under the clearly erroneous standard. In re Doe, 95 Hawaii 183, 190, 20 P.3d 616, 623 (2001). The family court's determination of whether a parent is willing and able to provide a safe family home for his or her child is a mixed question of law and fact that is also reviewed under the clearly erroneous standard. Id. We conclude that there was substantial evidence to support the findings challenged by Mother on appeal and that those findings were not clearly erroneous. The family court's factual findings supported its determination that Mother and Stepfather were not presently able to provide the Children with a safe family home, even with the assistance of a service plan.
The family court's key findingthat Mother was reluctant to separate from Stepfatherwas not clearly erroneous. There was substantial evidence to support this finding. The evidence showed that after Stepfather was arrested for abusing one of the Children, Mother did not support the criminal charges because she was afraid that Stepfather would be deported. Mother returned to Stepfather after a brief stay in a domestic violence shelter. Mother had gone to the shelter after the police took the Children into protective custody. Mother denied any concerns for her personal safety in reuniting with Stepfather. Dr. Thomas Loomis, who prepared a psychological evaluation of Mother, testified that Mother rationalized Stepfather's violent behavior and made excuses for him. Mother had not sought a restraining order against Stepfather. Moreover, at the time that Mother and Stepfather testified at the hearing on the petitions for foster custody, they were still together.
Mother's challenges to the family court's findings are premised on her contentions that the court erred in 1) choosing to credit the testimony of Dr. Loomis over the testimony of Mother's therapist, Dr. Craig Twentyman, and 2) determining that Mother and Stepfather were not credible witnesses. However, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Id. (ellipsis omitted). We find nothing in the record that would support our overturning the family court's credibility and weight determinations.

III.
IT IS HEREBY ORDERED that the Foster Custody Order entered by the family court on August 31, 2007, is affirmed.
NOTES
[1] The Honorable William J. Nagle III presided over the proceedings at issue in this appeal.
[2] Mother filed a separate notice of appeal of the Foster Custody Order in each family court case. This court consolidated the resulting appeals, No. 28723 and No. 28724, under No. 28723.
[3] In her points of error on appeal, Mother argues that:

THE TRIAL COURT ERRED IN FINDING THAT MOTHER IS NOT PRESENTLY WILLING AND ABLE TO PROVIDE A SAFE FAMILY HOME FOR THE CHILDREN, EVEN WITH THE ASSISTANCE OF A SERVICE PLAN[.]
(Emphasis in original.)
Mother also argues that the following findings in the Foster Custody Order are erroneous:
[1.] MOTHER and STEPFATHER, individually and collectively[,] cannot provide a safe family home for the children, or any of them at the present time.
[2.]] MOTHER's reluctance to separate from STEPFATHER as a prerequisite to reunification with her children, indicates to the Court that she has not gained an adequate awareness of her obligation to be a protective parent.
Finally, Mother argues that the family court erred in making the following Findings of Fact (FOF) and Conclusion of Law (COL):
FOF 39: Mother lacks appropriate parenting skills.
FOF 40: Mother is reluctant to separate from Stepfather.
FOF 41: Mother is unable to protect the children from Stepfather.
FOF 43: Mother has not gained an adequate awareness of the harm Stepfather is causing the Children to be a protective parent.
FOF 44: Despite the counseling of Dr. Craig Twentymen, as well as domestic violence classes, Mother is not prepared to provide a safe family home because of her intent to include Stepfather in the family.
FOF 75: [Mother] and [Stepfather] are found by the court not be a [sic] credible witnesses, specifically their testimony regarding their subjecting the Children to harm and threatened harm, and their ability to provide a safe family home for the children.
COL: 6: Mother and Stepfather are not presently willing and able to provide the Children with a safe family home, even with the assistance of a service plan.